UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GEORGE PAYNE, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO. 3:23-cv-00909 |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| CORRECTIONS, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Comes now the Plaintiff, George Payne, Jr. ("Plaintiff" or "Payne"), by undersigned counsel, and hereby files this lawsuit against the Defendant, Indiana Department of Corrections, ("Defendant" or "IDOC") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. §1983 *et seq.* ("Section 1983").

**PARTIES**

2. Plaintiff has resided within the Northern District of Indiana at all relevant times.

3. Defendant IDOC is an agency of the State of Indiana that conducts business in the Northern District of Indiana.

1

## JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, 42 U.S.C. §1983, and 42 U.S.C. § 2000e-5(f)(3).

5. Plaintiff is an "employee" within the meaning of 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

7. Plaintiff satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff received his "Dismissal and Notice of Rights" on said Charge and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

8. All of the events, transactions and occurrences pertinent to this lawsuit occurred within the geographical environs of the Northern District of Indiana, South Bend Division, and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

9. Payne is a white male.

10. Payne began working for IDOC in January 1991 as a Correctional Officer at Indiana State Prison ("ISP"). Payne received several promotions and pay increases during his tenure at IDOC. In January 2015, Payne was promoted to Deputy Warden. In October 2019, Payne was transferred to the Miami Correctional Facility (MiCF) in Bunker Hill, Indiana as a Deputy Sergeant.

11. Throughout his employment with IDOC, Payne has met or exceeded all of IDOC's legitimate employment expectations as evidenced by his promotions, pay increases, awards and recognitions, and favorable performance evaluations. Payne received ratings of "exceeds expectations" on his last three performance evaluations preceding the events leading up to this Complaint.

12. At all times relevant to Payne's complaint, he reported to the Warden of MiCF William Hyatte ("Hyatte"), white male, and IDOC's Executive Director of the Southern Regional Richard Brown ("Brown"), white male.

13. At all times relevant to this Complaint, there was one Warden (Hyatte) and two Deputy Wardens (Payne and Jacqueline Scaife ("Scaife")) assigned to the MiCF. Upon information and belief, Scaife is an African American female.

14. During the relevant time period, Scaife's job title was Deputy Warden of Operations and Payne's job title was Deputy Warden of Re-Entry. As Deputy Warden of Operations, Scaife was responsible for ensuring that MiCF was safe for both staff and inmates. As Deputy Warden of Re-entry, Payne was responsible for overseeing programs that provide assistance to offenders for successful re-entry into the community.

15. In July 2022, there were two offender-on-offender homicides and one assault at MiCF. At the time of all three incidents, Hyatte was on leave and absent from MiCF. In Hyatte's absence, Scaife was the acting Warden as she was the Deputy Warden of Operations. As such, Scaife was ultimately responsible for all of the Facility's operations during the time of the homicides and assault.

3

16. On July 20, 2022, Payne attended a meeting with Brown during which Brown told Payne that IDOC planned to conduct an investigation into the recent incidents at MiCF. Brown told Payne that he, Scaife, and Hyatte would be given the choice to be reassigned to another facility or use vacation time during the pendency of the investigation. Payne chose to use vacation time. Upon information and belief, Scaife and Hyatte also chose to use vacation time.

17. On August 5, 2022, IDOC posted Payne's job on the Indiana State Job Bank and Indeed.com.

18. On August 22, 2022, Payne attended a meeting with Brown and State Personnel Director Laura Twyman. During the meeting, Payne was informed that he was being demoted from the positon of Deputy Warden to the position of Correctional Officer. Payne was informed that he was being reassigned to "Construction Services" at the Westville Correctional Facility ("WFC"). As a result of the demotion, Payne's annual salary was reduced from approximately $85,000 to approximately $65,000. "Construction Services" includes supervising third party construction crews and participating in construction work and entails very little traditional Correctional Officer duties.

19. Upon information and belief, Hyatte was forced to resign his employment from IDOC or face termination and/or other disciplinary action.

20. Upon information and belief, Scaife did not receive any discipline as a result of the incidents and/or investigation despite being the acting Warden at the time

of the homicides and assault. Scaife was not demoted. Scaife did not receive a pay decrease.

21. Any and all reasons proffered by IDOC for Payne's demotion or any other adverse action is pretext for sex and/or race discrimination.

22. IDOC demoted Payne because of his race and/or sex.

23. Payne has been damaged as a result of IDOC's actions, including but not limited to: lost wages and benefits, emotional distress and embarrassment, and attorneys' fees and costs.

## COUNT I

### RACE DISCRIMINATION IN VIOLATION OF TITLE VII

24. Payne hereby incorporates paragraphs 1-23 of his Complaint.

25. IDOC subjected Payne (white) to disparate treatment because of his race when it demoted him in August 2022 and did not demote Scaife (African American).

26. IDOC's unlawful actions were intentional, willful, and done in reckless disregard of Payne's rights as protected by Title VII.

27. Payne has suffered damages as a result of IDOC's unlawful actions.

## COUNT II

### SEX DISCRIMINATION IN VIOLATION OF TITLE VII

28. Payne hereby incorporates paragraphs 1-27 of his Complaint.

29. IDOC subjected Payne (male) to disparate treatment because of his sex when it demoted him in August 2022 and did not demote Scaife (female).

30. IDOC's unlawful actions were intentional, willful, and done in reckless disregard of Payne's rights as protected by Title VII.

31. Payne has suffered damages as a result of IDOC's unlawful actions.

## COUNT III

## VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS RIGHTS

32. Payne hereby incorporates paragraphs 1-31 of his Complaint.

33. Payne had a property interest in his continued employment as a Deputy Warden.

34. Payne had a liberty interest in his continued employment as a Deputy Warden.

35. Defendant interfered with Payne's property and liberty interests by failing to afford Payne due process of law prior to his demotion.

36. Defendant's actions were intentional, willful, and in reckless disregard of Payne's rights as protected by the Fourteenth Amendment of the United States Constitution.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, George Payne, Jr. respectfully requests that this Court find for him and order that:

1. Defendant reinstate Plaintiff to the position of Deputy Warden;

2. Defendant pay lost wages and benefits to Plaintiff;

3. Defendant pay compensatory damages to Plaintiff;

4. Defendant pay pre- and post-judgment interest to Plaintiff;

5. Defendant pay Plaintiff's attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

/s/ Meghan U. Lehner
Meghan U. Lehner (25899-49)
Eric J. Hartz (29676-49)
CLEVELAND LEHNER CASSIDY
6214 Carrollton Ave., Ste. 200
Indianapolis, IN 46240
Tel: 317-388-5424
Fax: 317-947-1863
Email: meghan@clcattorneys.com
　　　　eric@clcattorneys.com

Counsel for Plaintiff, George Payne, Jr.

**DEMAND FOR JURY TRIAL**

The Plaintiff, George Payne, Jr., by counsel, respectfully requests a jury trial as to all issues deemed so triable.

                                                       Respectfully submitted,

                                                       /s/ Meghan U. Lehner
                                                       Meghan U. Lehner (25899-49)
                                                       CLEVELAND LEHNER CASSIDY
                                                       6214 Carrollton Ave., Ste. 200
                                                       Indianapolis, IN 46220
                                                       Tel: 317-388-5424
                                                       Fax: 317-947-1863
                                                       Email: meghan@clcattorneys.com